UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE R. HARRIS,<br>    Plaintiff,<br>v.<br>JULIANE SABBAGH,<br>    Defendant. | Case No. 25-cv-10754-KAW<br><br>**ORDER REASSIGNING CASE TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION TO REMAND TO STATE COURT; ORDER GRANTING IN FORMA PAUPERIS APPLICATION**<br><br>Re: Dkt. Nos. 1, 2 |

On December 17, 2025, Defendant Juliane Sabbagh removed this unlawful detainer action from Alameda County Superior Court, and applied to proceed *in forma pauperis*. (Not. of Removal, Dkt. No. 1; IFP Appl., Dkt. No. 2.)[1]

As removal is clearly improper, and the parties have not consented to the undersigned, for the reasons set forth below, the Court reassigns this case to a district judge and recommends that the case be remanded to state court. Additionally, the Court grants Defendant's application to proceed *in forma pauperis.*

### I. BACKGROUND

Plaintiff Lee R. Harris commenced this unlawful detainer action against Defendant in Alameda County Superior Court on or around November 21, 2025. (Not. of Removal at 5, 7.) The complaint contains a single cause of action for unlawful detainer, in which Plaintiff seeks immediate possession of a certain property located in Fremont, California, which Defendant occupies. (*Id.* at 7.)

---

[1] The Court notes that this is the second time Plaintiff has improperly removed an unlawful detainer action filed by Plaintiff Lee R. Harris. (*See* 25-cv-832-SI, *Harris v. Sabbagh*.)

1    On October 31, 2025, Plaintiff allegedly served a written notice on Defendant to pay rent
2    or quit within three days.  (Not. of Removal at 8.) On November 21, 2025, Plaintiff filed the
3    instant unlawful detainer suit in state court, and summons was issued. (Not. of Removal at 5, 7.)
4    On December 17, 2021, Defendant removed the action to federal court on the grounds that it
5    presents a federal question. (Not. of Removal at 2.)

## II.    LEGAL STANDARD

Federal courts exercise limited jurisdiction. A "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted).  A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed. *See* 28 U.S.C. § 1441(a).  "[R]emoval statutes are strictly construed against removal." *Luther v. Countrywide Homes Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," such that courts must resolve all doubts as to removability in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing that federal jurisdiction exists is on the party seeking removal. *See id.* at 566-67.

Federal district courts have original jurisdiction over actions that present a federal question or those based on diversity jurisdiction.  *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 & n.2 (9th Cir. 2002).  Federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331. Federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that the basis for federal jurisdiction must appear on the face of the properly pleaded complaint, either because the complaint directly raises an issue of federal law or because the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983).  "[A] case may not be removed to federal court on the basis of a federal defense . . . , even if the defense is anticipated in the plaintiff's complaint . . . ." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (citation omitted).

### III. DISCUSSION

Defendant removed this unlawful detainer action from state court on the grounds that the district court has jurisdiction because the case presents a federal question.

Defendant claims that a federal question exists because Plaintiff has pled an exemption from California tenant-protection statutes which "applies only if federally incorporated disclosure and classification conditions are satisfied." (Not. of Removal at 3.) Defendant also asserts that the validity of the termination notices "depends on compliance with federally mandated disclosures that California law incorporates as conditions precedent to termination." (*Id.*)

Defendant fails to identify the federal requirements that are purportedly required or cite to any authority in support. In turn, the complaint makes no reference to any federal requirements. Rather, the complaint alleges a single cause of action for unlawful detainer, which is "purely a creature of California law." *Wells Fargo Bank v. Lapeen*, No. C 11-01932 LB, 2011 U.S. Dist. LEXIS 60671, at *8 (N.D. Cal. June 2, 2011). The complaint, therefore, fails to present a federal question or a substantial question of federal law. *See Sandhu v. Lacewell*, No. 2:25-cv-03575-TLN-CKD, 2025 U.S. Dist. LEXIS 257685, at *2 (E.D. Cal. Dec. 11, 2025) (finding no federal question jurisdiction in unlawful detainer action where the defendant asserted that the court was required "to determine whether federally imposed and federal incorporated statutory conditions were satisfied as predicates to eviction"); *Fannie Mae v. Adame*, No. CV 14-01280 MMM (FFMx), 2014 U.S. Dist. LEXIS 199266, at *7 (C.D. Cal. June 30, 2014) (finding no federal question jurisdiction in unlawful detainer action where the defendant asserted that the case was "based upon a notice to vacate the property that references and incorporates a federal statute").

Moreover, the well-pleaded complaint rule prevents the Court from considering any additional claims, such that a defendant cannot create federal question jurisdiction by adding claims or defenses to a notice of removal. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009); *see also McAtee v. Capital One*, *F.S.B.*, 479 F.3d 1143, 1145 (9th Cir. 2007) (even previously asserted counterclaims raising federal issue will not permit removal). Accordingly, Defendant's claim that certain federal requirements were not satisfied does not establish federal question jurisdiction in this matter. Thus, Defendant's contention that

there are federal questions at issue in this litigation is misplaced.

Lastly, the limited scope of unlawful detainer proceedings precludes cross-complaints or counterclaims. *See Knowles v. Robinson*, 60 Cal. 2d 620, 626-27 (1963). Thus, to the extent that Defendant's assertions could be contained in any such filing, they would, nonetheless, fail to introduce a basis for federal question jurisdiction.

## IV.     CONCLUSION

For the reasons set forth above, the Court REASSIGNS this action to a district judge with the recommendation that the action be REMANDED to state court for further proceedings. The Court GRANTS Defendant's request to proceed *in forma pauperis*.

Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b); N.D. Civil L.R. 72-3. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO RECOMMENDED.

Dated: December 22, 2025

_____
KANDIS A. WESTMORE
United States Magistrate Judge